## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *JOEL BRIAN DUDLEY,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:11-cv-443-NT* |
| | ) | |
| *MICHAEL J. ASTRUE,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy.  The plaintiff contends that the administrative law judge erred in finding no severe mental impairment and in improperly evaluating the medical opinion of treating psychiatrist Laura Hancock, D.O.  *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 9) at 2-4.  I recommend that the decision be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had a severe impairment of cerebral palsy, Finding 3, Record at 15; that he retained the RFC to perform light work as

---

[1] This action is properly brought under 42 U.S.C. § 405(g).  The commissioner has admitted that the plaintiff has exhausted his administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on September 14, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

defined in 20 C.F.R. § 404.1567(b), except that, when sitting, he needed to change position every hour between normal breaks, that he could occasionally perform all postural maneuvers except that he could not climb ladders, ropes, or scaffolds, and that he needed to avoid irregular or sloping work surfaces, Finding 5, *id*. at 20; that, considering his age (46 years old, defined as a younger individual, on the alleged disability onset date, August 13, 2008), education (limited), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 25-26; and that he, therefore, was not disabled from his alleged disability onset date through the date of the decision, May 27, 2011, Finding 11, *id*. at 27.[2]  The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner.  20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence

---

[2] "To be eligible to receive SSD benefits [a] plaintiff had to have been disabled on or before [his or] her date last insured[.]" *Chute v. Apfel*, No. 98-417-P-C, 1999 WL 33117135, at *1 n.2 (D. Me. Nov. 22, 1999) (rec. dec., *aff'd* Dec. 20, 1999).  The plaintiff was insured, for purposes of SSD benefits, through the date of the decision.  *See* Finding 1, Record at 15.

in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process.  Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* (quoting Social Security Ruling 85-28).

## I.  Discussion

### A. Step 2 Finding of Nonseverity of Mental Impairments

The plaintiff contends that he met his *de minimis* burden, at Step 2, to establish the existence of severe mental impairments in view of (i) records of Dr. Hancock documenting bipolar disorder and anxiety, (ii) a mental RFC assessment by Dr. Hancock dated October 6, 2009, indicating significant impairments, including poor to no ability to maintain attention/concentration, (iii) a notation in more recent records of Dr. Hancock that his concentration and memory were impaired historically, (iv) records from Counseling Services, Inc., documenting anxiety and depression, and (v) his own testimony at hearing regarding his mental limitations, particularly with respect to his ability to maintain concentration.  *See* Statement of Errors at 2-3.

I find no error.  The administrative law judge relied on the following record evidence as support for his finding that the plaintiff's mental impairments were nonsevere:

1.      The conclusion of Disability Determination Services ("DDS") examining consultant Patricia Kolosowski, Ph.D., based on a July 29, 2009, evaluation of the plaintiff, that, although he had adjustment disorder with mixed anxiety and depressed mood, he was mentally capable of working.  *See* Record at 16-17, 195 ("He was able to express himself in a goal-directed fashion.  He did not present as distracted by any internal or external processes.  He presented as having adequate understanding, cognitive ability and memory for those activities that would be on his level.  He presents as having reasonable interaction skills.  How he would adapt to work would depend upon how he was physically feeling and this needs to be determined by a physician.").

2.      Conclusions of two DDS nonexamining consultants, Thomas Knox, Ph.D., in a Psychiatric Review Technique Form ("PRTF") dated September 4, 2009, and David R. Houston, Ph.D., in a PRTF dated March 5, 2010, that the plaintiff's mental impairments were nonsevere.  *See id*. at 17, 253, 255, 330, 332.  Drs. Knox and Houston both had the benefit of Dr. Kolosowski's report, and Dr. Houston had the benefit of Dr. Hancock's intake note dated August 14, 2009, and progress notes dated September 25, 2009, and January 12, 2010.  *See id*. at 255, 332; *see also id*. at 304, 532-34.

3.      Progress notes of Dr. Hancock postdating her mental RFC opinion indicating that the plaintiff was doing well and tolerating his medications, *see id*. at 17, 476-77, and that Dr. Hancock had discussed with him the possibility of having him "return to his primary care provider for primary management of his psychiatric medications, as he has been stable for a long period of time[,]" *id*. at 17, 477.

4

At oral argument, the plaintiff's counsel contended that the Knox and Houston reports cannot stand as substantial evidence of the nonseverity of his client's mental impairments because Drs. Knox and Houston did not have the benefit of review of some or all of the Hancock records or of Dr. Hancock's mental RFC opinion. He argued that even if the administrative law judge properly discounted the Hancock opinion, his reliance on the Knox and Houston assessments was misplaced because Drs. Knox and Houston lacked the benefit of review of Dr. Hancock's underlying progress notes, in which she continued to note that the plaintiff's "concentration and memory are impaired historically." *Id.* at 476.

"[T]he amount of weight that can properly be given the conclusions of non-testifying, nonexamining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert." *Rose v. Shalala,* 34 F.3d 13, 18 (1st Cir. 1994) (citations and internal quotation marks omitted). "In some cases, written reports submitted by non-testifying, nonexamining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted). This court has noted that "there is no bright-line test of when reliance on a nonexamining expert consultant is permissible in determining a claimant's physical or mental RFC," although "[f]actors to be considered include the completeness of the consultant's review of the full record and whether portions of the record unseen by the consultant reflect material change or are merely cumulative or consistent with the preexisting record and/or contain evidence supportably dismissed or minimized by the administrative law judge." *Brackett v. Astrue*, No. 2:10-cv-24-DBH, 2010 WL 5467254, at *5 (D. Me. Dec. 29, 2010) (rec. dec., *aff'd* Jan. 19, 2011) (citations omitted).

For the reasons discussed below, the administrative law judge supportably rejected Dr. Hancock's mental RFC opinion. The fact that it was unseen by Drs. Knox and Houston, hence,

does not cast doubt upon their conclusions.  As the plaintiff's counsel acknowledged at oral argument, Dr. Hancock's later progress notes actually reflect an improvement in the plaintiff's condition.  While she did state that his concentration and memory were impaired historically, she made no finding of current, observable concentration and memory deficit.  *See id*. at 476.  In any event, Dr. Hancock made the same observation (of historic impairment in concentration and memory) in earlier progress notes seen by Dr. Houston.  *See id*. at 332, 532-33.  The unseen progress notes, hence, are cumulative.

Finally, even assuming *arguendo* that the administrative law judge did err in failing to find a severe mental impairment, "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim." *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010).  At oral argument, the plaintiff's counsel contended that any Step 2 error was not harmless because Dr. Hancock found the plaintiff's mental impairments sufficiently incapacitating as to be disabling, in combination with his physical impairments.  However, as discussed below, the administrative law judge supportably rejected the Hancock opinion.  Any error, therefore, was harmless.

### B.  Treatment of Treating Source

The plaintiff argues that the administrative law judge committed a separate reversible error in discounting the October 6, 2009, mental RFC assessment of Dr. Hancock.  *See* Statement of Errors at 3-4.  He contends that the administrative law judge failed to undertake the careful analysis of treating source opinions required by 20 C.F.R. § 404.1527(d), pursuant to which several listed factors supported Dr. Hancock's opinion.  *See id*. at 4.  I find no error.

Treating source opinions are evaluated based on several enumerated factors: (i) length of the treatment relationship and frequency of examination, (ii) nature and extent of the treatment relationship, (iii) supportability — *i.e.,* adequacy of explanation for the opinion, (iv) consistency with the record as a whole, (v) whether the treating physician is offering an opinion on a medical issue related to his or her specialty, and (vi) other factors highlighted by the claimant or others. *See* 20 C.F.R. § 404.1527(d)(2)-(6).

The commissioner's regulations promise that controlling weight will be given to the opinion of a treating source "[i]f [the commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" *Id.* § 404.1527(d)(2).

An administrative law judge may decline to adopt the opinion of a treating source, but must supply "good reasons" for doing so. *See, e.g., id.* ("[The commissioner] will always give good reasons in [his] notice of determination or decision for the weight [he] give[s] [a claimant's] treating source's opinion."); Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2012) ("SSR 96-5p"), at 127 ("the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)"); Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2012) ("SSR 96-8p"), at 150 (an administrative law judge can reject a treating source's opinion as to RFC but "must explain why the opinion was not adopted").

The administrative law judge met these standards in assessing Dr. Hancock's opinion. He stated:

> Dr. Hancock's assessment included the finding that the [plaintiff] has poor or no ability to maintain concentration/attention.  Dr. Hancock seemed to base[] this

finding solely on "His concentration and memory are impaired historically."  Dr. Hancock did not provide any objective evidence that would support this finding. Further, at the time of this assessment, Dr. Hancock had only seen the [plaintiff] on two occasions.  In fact, Dr. Hancock noted that "I [Dr. Hancock] would usually require a longer period of observation to provide a more comprehensive evaluation."

Additionally, Dr. Hancock noted that this was the [plaintiff's] first attempt at psychiatric care and it was possible, once he was stabilized on a medication regimen, that he could maintain work.  Further, and notably, subsequent treatment from Dr. Hancock seem[s] to render her earlier assessment moot as these subsequent records indicate that the [plaintiff's] mood is stable and his anxiety is well-controlled.   Specifically, as detailed above, Dr. Hancock indicated, in records[] dated September 8, 2010, that the [plaintiff] "is doing well" and tolerating his medications without difficulty.  Notably, said records indicate that "His energy level has been good.  His mood has been stable.  His anxiety has been well controlled."   Earlier records, dated July 5, 2010, signed by Dr. Hancock, noted that "I [Dr. Hancock] discussed the possibility of having him [the claimant] return to his primary care provider for primary management of his psychiatric medications, as he has been stable for a long period of time."

Record at 17-18 (citations omitted) (quoting *id.* at 476, 531, 533).   Each one of these observations is either directly supported by the record or represents a reasonable interpretation of the record evidence.  *See, e.g., id.* at 476, 531, 533.  Collectively, they constitute the requisite "good reasons" for rejecting a treating source opinion.[3]

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which __de novo__ review by the district court is sought, together with a supporting memorandum,*

---

[3] The plaintiff argues that the factors specified in 20 C.F.R. § 404.1527(d)(2), *i.e.*, treatment relationship, length of treatment relationship, nature and extent of treatment relationship, supportability, consistency, and specialization, support Dr. Hancock's opinion. *See* Statement of Errors at 4.  However, he does not explain how.  As noted above, the administrative law judge supportably found that all of these factors, except specialization, cut against adoption of the Hancock opinion.

*within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2012.

/s/  John H. Rich III

John H. Rich III

United States Magistrate Judge